IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH OYE OGUNTODU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-253 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY**
**PETITION FOR A WRIT OF HABEAS CORPUS**

On November 30, 2012, petitioner filed with this Court a petition for a writ of habeas corpus challenging prison disciplinary proceeding 20120198239, which occurred March 22, 2012. The disciplinary proceeding took place at the Roach Unit in Childress County, Texas. As of the date the instant habeas petition was filed, petitioner was incarcerated at the Robertson Unit in Jones County, Texas.

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). If a prisoner contends his unit of incarceration has deprived him of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S.Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures

appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). However, because federal habeas corpus is meant to redress the violation of a liberty interest, when it is brought in the context of a challenge to a prison disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *See id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

In line sixteen of his habeas corpus petition, petitioner indicates his belief that he is eligible for release on mandatory supervision. Petitioner was convicted of indecency with a child by exposure, which according to petitioner was found to be a third-degree felony. Under article 508.149(a)(5) of the Texas Code of Criminal Procedure, however, any offense of indecency with a child renders a prisoner ineligible for release on mandatory supervision. Tex. Code Crim. Proc. Ann. art. 508.149(a)(5) (Vernon 2012); Tex. Pen. Code Ann. § 21.11 (Vernon 2011). Because he appears to be ineligible for release on mandatory supervision, petitioner is not able to challenge the results of a disciplinary proceeding via federal habeas corpus. *See Malchi*, 211 F.3d at 958.

Moreover, as petitioner indicates in paragraph eighteen of his habeas corpus petition, petitioner did not lose any previously earned good-time credits as a result of the disciplinary proceeding. Petitioner states his punishment as a result of the proceeding was fifteen days' loss of recreation and commissary privileges. The loss of recreation and commissary privileges are not challengeable in federal habeas corpus because those punishments do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d

765, 765 (5th Cir. 1997). Stated differently, restrictions on recreation and commissary privileges do not implicate a constitutionally protected liberty interest. Consequently, in addition to not being eligible for release on mandatory supervision, because petitioner did not suffer a loss that might be redressed in federal habeas corpus, the habeas corpus petition must be denied. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition of a writ of habeas corpus filed by petitioner JOSEPH OYE OGUNTODU be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO ORDERED.

ENTERED this 3rd day of January 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).